IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-98-BO-BM

LARENE HINTON and THE JAMES )
ROGER ELLIOT'S HEIRS, )
                        Plaintiffs, )
                                    )
        v.                          )           O R D E R
                                    )
RENEE WHITTENTON, SANDRA            )
BROADWELL PAYE, ALFREDIA            )
WATERS, DERICK WATERS, and          )
CHRISTOPHER CARL,                   )
                        Defendants. )

This cause comes before the Court on the memorandum and recommendation of United

States Magistrate Judge Brian S. Meyers. Plaintiff Hinton has responded and the matter is ripe for

ruling. For the reasons that follow, the memorandum and recommendation is adopted in its entirety

and this action is dismissed.

## BACKGROUND

Plaintiff Hinton ("plaintiff") initiated this action *pro se* on behalf of herself and The James

Roger Elliott's Heirs. She seeks redress under 42 U.S.C. § 1983 for alleged violations of her civil

rights, including rights provided by the Fourteenth, Eighth, Seventh, and Sixth Amendments to the

United States Constitution. She also appears to allege state law fraud and breach of fiduciary duty

claims. Each of plaintiff's claims arise from the probate her father Leroy Elliott's estate in 1992

and a partition proceeding regarding real property in Bunnlevel, North Carolina in 2022. Plaintiff

contends that Alfredia Waters, executrix of Mr. Elliott's estate, along with her husband Derick

Waters and her attorney Christoper Carr[1], deceived plaintiff and other heirs, preventing them from receiving their share of the proceeds Mr. Elliott's estate. Plaintiff further contends that, after Ms. Waters filed for a partition of Lot 9 on Nutgrass Road in Bunnlevel in 2017, plaintiff was improperly denied a jury trial as to the partition and that Assistant Clerk of Superior Court Paye ruled in favor of Ms. Waters by dividing Lot 9 into equal shares between plaintiff and Ms. Waters.

Underlying plaintiff's claims are her assertions that Ms. Waters lied to her and the other heirs regarding the disposition of Mr. Elliott's estate and that Ms. Waters became a millionaire as a result; that the Harnett County Clerk of Superior Court, unnamed county commissioners, and attorneys assisted Ms. Waters and her husband, Derick Waters, in depriving plaintiff of her share of Mr. Elliott's estate; and that orders by the clerk of superior court should have no legal effect because a superior court judge who is a lawyer should have decided any dispute over the estate or the ownership of real property.

Magistrate Judge Meyers, in a thorough order and memorandum and recommendation (M&R), addressed myriad motions filed by plaintiff as well as motions and amended motions to dismiss filed by the defendants. As is relevant to this order, Magistrate Judge Meyers recommended that the plaintiff The James Roger Elliott's Heirs be dismissed because plaintiff, who proceeds *pro se*, is not authorized to represent a party other than herself.

The M&R also recommends dismissal of the claims against defendants Clerk of Superior Court Whittenton and Assistant Clerk of Court Paye for lack of subject matter jurisdiction as barred by the Eleventh Amendment to the United States Constitution, which "bars suit against non-consenting states by private individuals in federal court." *Bd. of Trustees of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001). This guarantee applies not only to suits against the state itself

---

[1] The complaint identifies Christopher "Carl" as a defendant but it appears the correct spelling is "Carr."

2

but also to suits where "one of [the state's] agencies or departments is named as the defendant" as well as state officers who are sued in their official capacities. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-102 (1984). The M&R further recommends that the claims against Whittenton and Paye are subject to dismissal due to the quasi-judicial immunity afforded to clerks of court when they carry out judicial functions pursuant to state law. *See, e.g., Arroyo v. Zamora*, No. 3:17-CV-721-FDW-DCK, 2018 WL 1413195, at *4 (W.D.N.C. Mar. 21, 2018).

As to plaintiff's request for injunctive relief, the M&R recommends that such relief would violate the *Rooker-Feldman* doctrine because it would, at bottom, require this Court to review and render ineffectual the state probate and partition orders. The *Rooker-Feldman* doctrine prevents federal district courts from exercising jurisdiction over challenges to state court decisions. *Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 196 (4th Cir. 2002). It applies to the review of both "issues actually decided by the state court" and review of "those claims which are 'inextricably intertwined' with state court decisions." *Brown & Root, Inc. v. Breckenridge*, 211 F.3d 194, 198 (4th Cir. 2000). Claims are "inextricably intertwined" when, for the claims to succeed, the federal court must determine "that the [state] court judgment was erroneously entered or must take action that would render the judgment ineffectual." *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 202 (4th Cir. 1997).

The M&R recommends that plaintiff's remaining claims be dismissed for failure to state a claim pursuant to Rule 12(b)(6). Specifically, the magistrate judge determined that plaintiff cannot state a 42 U.S.C. § 1983 claim against defendants Alfredia and Derick Waters and Christoper Carr because she has not alleged that these defendants acted under color of state law. The M&R addresses plaintiff's myriad claims with respect to the powers of clerks of superior court, requests for a jury trial in a probate proceeding, request for a full-time judge lawyer for Harnett County and

3

a police hub in Bunnlevel; and request for an investigation into the circumstances surrounding Leroy Elliott's guardianship and the deaths of Mr. Elliott and others and finds them to be without a basis in law, frivolous, and properly dismissed.

Finally, the M&R recommends that plaintiff's state law claims against defendant Carr be dismissed as barred by the statute of limitations insofar as they are not barred by the *Rooker-Feldman* doctrine and that the state claims against Alfredia and Derick Waters be dismissed for lack of diversity jurisdiction, the statute of limitations, and for otherwise failing to state a claim.

## DISCUSSION

"The Federal Magistrates Act requires a district court to make a *de novo* determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotation omitted); *see* 28 U.S.C. 636(b). Absent timely objection, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond*, 416 F.3d at 315 (quotation omitted). A party's objections must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). "[W]hen reviewing pro se objections to a magistrate's recommendation, district courts must review de novo any articulated grounds to which the litigant appears to take issue." *Elijah v. Dunbar*, 66 F.4th 454, 460–61 (4th Cir. 2023).

At the outset, plaintiff does not lodge any objection or take issue with the dismissal of any claims brought by plaintiff on behalf of The James Roger Elliott's Heirs or the recommendation that the motions at DE 9, 32, 39, 46, 50, and 53 be denied as moot.[2] The Court has reviewed the

---

[2] Two of these motions are motions to dismiss which were amended by defendants. [DE 9, 39].

4

M&R for clear error as to these matters and finds none. Those portions of the M&R are therefore adopted.

Plaintiff has, however, lodged specific objections to the recommendation that her claims against the defendants be dismissed.

A. *Eleventh Amendment, powers of the clerk of court, and Rooker-Feldman*

The gravamen of plaintiff's objections concerns her arguments, raised before the magistrate judge and considered *de novo* here, that North Carolina clerks of superior court do not or should not have authority to decide probate and real property partition proceedings and that clerks of superior court are county employees. To that end, plaintiff argues that the Eleventh Amendment does not shield Renee Whittenton, Sandra Paye, and Harnett County[3] from being sued because the Harnett County Clerk of Superior Court is an elected official who works for the county, not the state. Plaintiff further contends that the clerk and assistant clerk's probate orders are invalid because they are not attorneys, and it is illegal to practice law in North Carolina without a license.

Contrary to plaintiff's arguments, in North Carolina the clerk of superior court and her assistant are granted express authority by the North Carolina General Statutes to decide probate and certain other matters.

> The Superior Court Division of the General Court of Justice consists of the several superior courts of the State. The clerk of superior court in the exercise of the judicial power conferred upon him as ex officio judge of probate, and in the exercise of other judicial powers conferred upon him by law in respect of special proceedings and the administration of guardianships and trusts, is a judicial officer of the Superior Court Division, and not a separate court.

N.C. Gen. Stat. § 7A-40. As is relevant here, a clerk of superior court's judicial power extends to partition of real property, which is a special proceeding. N.C. Gen. Stat. § 46A-1; *Bare v. Atwood,*

---

[3] Harnett County is not a named defendant in plaintiff's original complaint nor is it identified as a defendant in any of her requests to amend or supplement her complaint.

5

204 N.C. App. 310, 315 (2010). Additionally, assistant clerks of superior court are authorized by state law to perform all of the duties and functions of the clerk of superior court. N.C. Gen. Stat. § 7A-102. Finally, "[t]he clerk of superior court is a full-time employee of the State[.]" N.C. Gen. Stat. § 7A-101.

Thus, where a clerk of superior court or her assistant is acting pursuant to her judicial powers provided by statute, she is a state judicial officer. Whittenton and Paye have been named in their official capacities as clerk and assistant clerk of superior court, and thus any suit against them is a suit against the state and is barred by the Eleventh Amendment absent waiver. *Alford v. Mecklenburg Cnty. Clerk of Superior Ct.*, No. 3:19-CV-156-MOC-DSC, 2019 WL 2881556, at *3 (W.D.N.C. July 2, 2019); *Day v. Santaniello*, No. 5:15-CV-165-FL, 2015 WL 13735398, at *6 (E.D.N.C. Oct. 7, 2015) ("Eleventh Amendment immunity bars any claims against the defendant assistant district attorneys, judges, and clerk of court in their official capacities."), *report and recommendation adopted in part sub nom. Day v. A.T. Santaniello*, No. 5:15-CV-165-FL, 2015 WL 7306447 (E.D.N.C. Nov. 19, 2015). Moreover, as the judicial power granted to clerks of superior court and their assistants is provided by statute, it is of no moment if either defendant Whittenton or Paye are not licensed attorneys. Finally, plaintiff contends that *Rooker-Feldman* does not apply because an order by a clerk of superior court is not a state court order. Again, this argument fails because a clerk of superior court is empowered by state statute to exercise judicial powers on behalf of the state superior courts.

B. *Under color of state law*

Plaintiff also argues that Alfredia Waters' actions could be considered to have been taken under state law as she was "a willful participant in joint activity with the State or its agents." *Dennis v. Sparks*, 449 U.S. 24, 27 (1980). Plaintiff contends specifically that Alfredia Waters

worked with the clerk of superior court to deceive the James Roger Elliott heirs and plaintiff. But to demonstrate that Ms. Waters was a state actor through joint activity, plaintiff must plausibly allege that Ms. Waters engaged in a conspiracy with a state actor and must therefore "assert facts from which a conspiratorial agreement can be inferred." *Wiggins v. 11 Kew Garden Ct.*, 497 F. App'x 262, 264 (4th Cir. 2012). Plaintiff's bare assertion that Ms. Waters worked with the clerk of superior court is insufficient to allege that a civil conspiracy was in place. *See id.* (factual contentions which show only entering orders or legal decisions are insufficient to plead a conspiracy). She has failed, therefore, to plausibly allege any state action by Ms. Waters or Mr. Waters, and her § 1983 claims against them are properly dismissed.

C. *Diversity jurisdiction*

Plaintiff argues that the Court has diversity jurisdiction over her state law claims because plaintiff lives in South Carolina, but she fails to object to the magistrate judge's conclusion that the amount in controversy required for diversity jurisdiction pursuant to 28 U.S.C. §1332 has not been satisfied.

D. *Adding defendant David McRae*

Plaintiff argues that attorney David McRae should be added as a defendant because he should have known that the clerk of superior court has no judicial powers when he was representing Alfredia Waters in 2022. First, the magistrate judge has denied plaintiff's motion to amend to add Mr. McRae as a defendant, and it is not a part of his recommendation. Second, to the extent the Court would construe plaintiff's argument as an appeal of the magistrate judge's decision, *see* Local Civil Rule 72.4(a), her appeal fails because, as discussed above, the clerks of superior court are granted judicial powers expressly by state statute.

E. *Attorney Carr and fraud*

Case 5:23-cv-00098-BO-BM   Document 65   Filed 03/22/24   Page 7 of 9

Plaintiff argues that Attorney Carr deceived plaintiff by allowing her to pay taxes on land that had already been paid. She contends that a statute of limitations does not bar her claims because plaintiff did not learn that the clerk of superior court was practicing law without a license until this case and "[t]he statute of limitations starts when you find out about the incident." [DE 64 at 13]. Plaintiff states that there is also no statute of limitations for murder, and plaintiff believes that her father and his two brothers were murdered. Also, an attorney named James F. Penny was found dead in his office and plaintiff believes there was foul play because of a promise made to her father.

As outlined by the magistrate judge, the conduct giving rise to plaintiff's claims against Mr. Carr occurred in 1992 and the statute of limitations for fraud is three years. N.C. Gen. Stat. § 1-52. Plaintiff was on constructive notice of the deed she alleges Mr. Carr fraudulently obtained when it was filed as a public record with the Harnett County Register of Deeds. *See Sayman v. Lehman Bros. FSB*, No. 3:13-CV-288-RJC-DSC, 2014 WL 868711, at *4 (W.D.N.C. Mar. 5, 2014). Plaintiff's argument regarding the power of the clerk of court to enter judicial orders does not toll the statute of limitations as it is fundamentally without merit. Finally, whether the appropriate state authorities should investigate the death of an individual is not cognizable in a civil action and has no impact on whether plaintiff's claim of fraud against Mr. Carr is time-barred.

In sum, the Court has considered plaintiff's specific objections to the M&R *de novo* and reviewed the remaining portions of the M&R for clear error. The M&R contains no clear error and plaintiff's objections are without merit and overruled. The M&R is adopted in its entirety.

## CONCLUSION

For the foregoing reasons, the M&R [DE 61] is ADOPTED in its entirety. The motions to dismiss at [DE 14, 24, and 41] are GRANTED. Any claims by plaintiff on behalf of The James

Case 5:23-cv-00098-BO-BM   Document 65   Filed 03/22/24   Page 8 of 9

Roger Elliott's Heirs are DISMISSED. All remaining motions [DE 9, 32, 39, 46, 50, 53] are DENIED AS MOOT. Plaintiff's amended and supplemented complaint is DISMISSED and the clerk is directed to close the case.

SO ORDERED, this ⟋⟋ day of March 2024.

_Terence Boyle_
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE